UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JACK W. FITZGERALD,
            *Plaintiff-Appellant,*

v.

GEM MOBILE TRANSPORT,
INCORPORATED, a foreign corporation;
JOHNNY SHELTON MILLER,
            *Defendants-Appellees.*

No. 00-1736

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CA-99-6-3)

Submitted: November 22, 2000

Decided: December 19, 2000

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Roy D. Bradley, Madison, Virginia, for Appellant. Richard H. Milnor,
John W. Zunka, TAYLOR, ZUNKA, MILNOR & CARTER, L.T.D.,
Charlottesville, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jack W. Fitzgerald appeals the district court order dismissing his complaint for lack of personal jurisdiction over the Defendants, GEM Mobile Transport, Incorporated, and Johnny Shelton Miller (collectively "GEM"). Finding no reversible error, we affirm.

We review de novo the district court's conclusions that rest on legal precepts. Findings of facts supporting the district court's conclusions are reviewed under the clearly erroneous standard. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). Fitzgerald only needed to establish a prima facie case of personal jurisdiction because the district court decided the pretrial motion to dismiss the case without an evidentiary hearing. *Id.* Any factual disputes bearing on the existence of personal jurisdiction should be resolved in favor of the plaintiff. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

We find that the district court did not err by finding that Fitzgerald's claim against the Defendants did not arise from GEM's contact with the state of Virginia. We further find that Fitzgerald failed to establish a prima facie case that GEM's contact with Virginia was sufficiently systematic and continuous so as to warrant the exercise of personal jurisdiction over GEM. *See Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 415-16 (1983). Fitzgerald failed to show that GEM's contact with Virginia was so substantial that it would justify hauling GEM into Virginia's courts for activities unrelated to the contact with Virginia. *See Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993); *see also Felch v. Transportes Lar-Mex SA De DV*, 92 F.3d 320, 326-29 (5th Cir. 1996).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*